UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAGENDHER PAKA AND MAHIPAL YALLA, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:20-CV-01545-X |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES AND KENNETH T. CUCCINELLI, | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiffs, both citizens of India, allege that United States Citizenship and Immigration Services unlawfully withheld or unreasonably delayed adjudication of their EB-5 Visa applications and ask the Court to intervene under 5 U.S.C. § 706(1).[1] Citizenship and Immigration Services moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. [Doc. No. 7]. The Court hereby **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** the plaintiffs' claims.

### I.      Facts

Congress offers EB-5 Visas to foreign entrepreneurs who seek to live in the United States. To obtain EB-5 visas, these entrepreneurs must first file petitions with Citizenship and Immigration Services, which adjudicates each petition and determines whether an applicant qualifies for EB-5 immigrant status. Plaintiffs

---

[1] *See* 5 U.S.C. § 706(1) (requiring courts to compel agency action which has been unlawfully withheld or unreasonably delayed).

Nagendher Paka and Mahipal Yalla filed their petitions in November 2019, and neither petition has yet been adjudicated. The plaintiffs argue that, pursuant to 8 U.S.C 1571(b), Citizenship and Immigration Services must adjudicate EB-5 petitions within 180 days, and that processing times in excess of 180 days are per se unreasonable. They therefore ask the Court to compel Citizenship and Immigration Services to adjudicate their applications under the Administrative Procedure Act[2] or, alternatively, the Mandamus Act.[3]

## II.    Analysis

The present case is almost identical to *Chuttani v. United States Citizenship and Immigration Services*,[4] which this Court decided just a couple of months ago. The Court's position has not changed. So, the Court will review the reasoning set forth in *Chuttani* in hopes of dispelling any lingering confusion.

### A.    Administrative Procedure Act

The Administrative Procedure Act grants the Court subject matter jurisdiction over agency action "unlawfully withheld or unreasonably delayed" which causes a person to suffer legal wrong.[5]  Section 702 gives the court jurisdiction over the plaintiffs' Administrative Procedure Act claim only if Citizenship and Immigration Services unreasonably delayed adjudication of the plaintiffs' petitions, so the Court

---

[2] 5 U.S.C. § 706(1).

[3] 28 U.S.C. § 1361.

[4] No. 3:19-CV-02955-X, 2020 WL 7225995 (N.D. Tex. Dec. 8, 2020) (unreported).

[5] 5 U.S.C. § 702, 706(1).

must determine as a preliminary matter whether the government unreasonably delayed adjudication.[6]

The plaintiffs' allegations rely heavily on an atextual interpretation of 8 U.S.C. § 1571(b): "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . . ." They argue that this statute imposes a nondiscretionary duty on Citizenship and Immigration Services to adjudicate their petitions within 180 days.[7] The Court already stated in *Chuttani* that this reading of section 1571 is plainly wrong.[8] As the Fifth Circuit has explained, "the sense of Congress" does not a mandate make.[9] The Court once more refuses to change a Congressional aspiration into a strict deadline.[10]

This begs the question: when does a visa adjudication delay become unreasonable such that the Court has jurisdiction under the Administrative Procedure Act?[11] Citizenship and Immigration Services urges the Court to defer to its own average estimated processing times. Congress delegated to Citizenship and Immigration Services the task of deciding what constitutes an unreasonable delay,[12]

---

[6] *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction.").

[7] Doc. No. 1 at 19.

[8] *Chuttani*, 2020 WL 7225995 at *3.

[9] *See id.* (quoting *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010) (vacated on other grounds)).

[10] *See id.* at *3.

[11] 5 U.S.C. § 702.

[12] *See Bian*, 605 F.3d at 254–55.

and the Court agrees that its current and historical estimated processing times are a helpful indicator of how long an applicant for EB-5 immigration status should reasonably expect to wait.[13]  As relevant here, Citizenship and Immigration Services currently estimates a processing time ranging between 28.5 and 44 months for EB-5 petitions.[14]  The Court sees no reason to find an unreasonable delay before the plaintiffs' wait time exceeds the upper limit of Citizenship and Immigration Services' current average processing times.[15]

In short, the plaintiffs did not show that Citizenship and Immigration Services unreasonably delayed adjudication of their petitions.  Therefore, the Court lacks subject matter jurisdiction over the plaintiffs' claims according to the plain text of section 702.[16]  For this reason, the Court need not grapple with the deeper merits of the defendant's 12(b)(6) motion.[17]

### B.    Mandamus

Mandamus relief is a "potent weapon," appropriate only where a party has no other means of obtaining adequate relief and his right to relief is indisputable.[18] Plaintiffs did not exhaust alternative means of redress because they may still bring

---

[13] *See Chuttani*, 2020 WL 7225995 at *4.

[14] Processing Times, U.S. CITIZENSHIP AND IMMIGRATION SERVS.. (Feb. 19, 2021, 10:38 AM), https://egov.uscis.gov/processing-times/.

[15] *Chuttani*, 2020 WL 7225995 at *4.

[16] *See id.* at *5.

[17] FED. R. CIV. P. 12(b)(6).

[18] *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380–81 (2004).

an action under the Administrative Procedure Act if the delay in adjudication later exceeds what is reasonable.[19]  Therefore, the Court declines to issue the writ.

### III.   Conclusion

From where the Court sits, this case is "déjà vu all over again."[20]  The plaintiffs (just like those in *Chuttani*) fail to show that the government unreasonably delayed agency action for purposes of the Administrative Procedure Act.  The Court therefore lacks subject matter jurisdiction and **DISMISSES WITHOUT PREJUDICE** the plaintiffs' complaint.

**IT IS SO ORDERED** this 8th day of March, 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[19] *See Chuttani*, 2020 WL 7225995 at *5.

[20] A witticism attributed to Yogi Berra.  *See* Robert Knapel, *Yogi Berra: 'It's Deja Vu All Over Again' and His 25 Greatest Quotes*, BLEACHER REPORT (Apr. 7, 2011), https://bleacherreport.com/articles/657044-yogi-berra-its-deja-vu-all-over-again-and-his-25-greatest-quotes.